## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,     )
               )
        v.            )     Criminal No. 15-87
               )     Civil No. 20-662
               )     Judge Nora Barry Fischer
HAKEEM DUELL,         )
               )
        Defendant.   )

## MEMORANDUM OPINION

### I.     INTRODUCTION

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, ("Motion"), filed by *pro se* Defendant Hakeem Duell ("Defendant"), (Docket No. 3127), his Brief in Support, (Docket No. 3128), the Government's opposition thereto, (Docket No. 3183), Defendant's *pro se* reply, (Docket No. 3191), and the Government's sur-reply (Docket No. 3194). After careful consideration of the parties' submissions and for the following reasons, Defendant's Motion [3127] is denied.

### II.     BACKGROUND

A federal grand jury returned a superseding indictment on February 2, 2016 against Defendant and numerous co-conspirators. (Docket No. 1020). The superseding indictment charged Defendant with: conspiracy to distribute 1 kilogram or more of heroin from March 2012 to May 21, 2015, (Count 1); possession of a firearm in furtherance of his possession with intent to distribute heroin on November 24, 2014, (Count 19); felon in possession of a firearm on November 24, 2014, (Count 23); and possession with intent to distribute and distribution of heroin on November 24, 2014, (Count 47). *See id.* In charging Defendant with Count 23 in

violation of 18 U.S.C. § 922(g)(1), the grand jury listed six crimes punishable by more than 1-year imprisonment for which Defendant had been convicted prior to his alleged possession of a Stag Arms semi-automatic rifle on November 24, 2014. *See id.* at 25-26.

After pleading not guilty, the case moved into pretrial proceedings and the Government and Defendant engaged in plea negotiations. (*See* Docket No. 1125). On October 1, 2016, Defendant requested a pre-plea presentence investigation report to ascertain how "his alleged relevant conduct and serious criminal history would translate into sentence[ing] guidelines." (Docket No. 1647 at 1). The Court ordered a pre-plea presentence investigation report, which was made available to Defendant on November 29, 2016. (*See* Docket No. 1652; *see also* Docket No. 1752).

In advance of the trial set for April 24, 2017, Defendant moved to exclude evidence of his prior convictions under Fed. R. Evid. 403 and 404(b). (*See* Docket No. 2142). A few days later, Defendant entered into a stipulation with the United States that "prior to November 24, 2014, [he] was convicted of a crime that was punishable by imprisonment for a term exceeding one year." (*See* Docket No. 2208 at 2 ¶ 6). Defendant also stipulated to the admission of an excerpt from a December 4, 2014 state preliminary hearing transcript, in which he testified that he knowingly possessed the Stag Arms semi-automatic rifle on November 24, 2014. *See id.* at 2 ¶ 7; *see also* (Docket No. 2223 at 3). The Court issued a memorandum opinion denying Defendant's motion on April 13, 2017. *See id.*

Ultimately, on April 19, 2017, Defendant pled guilty, pursuant to a plea agreement with the Government, to Counts 23 and 47 of the superseding indictment, namely, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), and Possession with Intent to Distribute and Distribution of Heroin in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C).

(Docket No. 2246). Defendant's plea agreement provided that in exchange for pleading guilty to Counts 23 and 47 and waiving certain appellate rights, the Government agreed to: (1) move to dismiss Counts 1 and 19 of the superseding indictment;[1] (2) not to file an information under 21 U.S.C. § 851 seeking an increased punishment for prior convictions; (3) move the Court to reduce his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1; and (4) not to seek a guidelines sentencing enhancement for attempted murder under U.S.S.G. § 2K2.1(c). (Docket No. 2497 at 11-12 ¶¶ 7-14). Additionally, pursuant to the plea agreement, Defendant agreed to forfeit the Stag Arms semi-automatic rifle and $535.00 seized during his November 24, 2014 arrest. *Id.* at 11 ¶ 10.

The Court held a sentencing hearing on August 31, 2017, and imposed a sentence of concurrent terms of 100 months' imprisonment, at each of Counts 23 and 47, which was within the advisory guideline range of 92 to 115 months. (*See* Docket No. 2619; *see also* Docket No. 2550 at 2). Neither the Government nor Defendant appealed the Court's judgment. Instead, more than two-and-a-half years after his sentence, on May 4, 2020, Defendant filed the instant motion under 28 U.S.C. § 2255. (Docket No. 3127). Defendant's § 2255 motion challenges his conviction under 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm, and is predicated on the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Government countered with its response in opposition on October 1, 2020. (Docket No. 3183). Defendant replied on October 30, 2020, and the Government submitted its sur-reply on November 9, 2020. (Docket No. 3191; Docket No. 3194). As such, the Court considers Defendant's motion fully briefed and ripe for disposition.

---

[1] Counts 1 and 19 charged Defendant with Conspiracy to Distribute and Possess with Intent to Distribute 1 Kilogram or more of Heroin in violation of 21 U.S.C. § 846, and Possession of a firearm in furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), respectively. (*See* Docket No. 1020).

III.    LEGAL STANDARD

A prisoner in federal custody may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." Said motion must be filed within one year of, *inter alia*, the date the judgment of conviction becomes final or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See id.* § 2255(f)(1), (f)(3). However, a § 2255 motion may not be used as "a substitute for an appeal." *Gov't of the Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074 (3d Cir. 1985). In that regard, claims raised in a § 2255 motion that were not raised on direct appeal are considered to be procedurally defaulted. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citation omitted). A defendant may show "cause" where a defaulted issue is considered "so novel that its legal basis [was] not reasonably available." *Reed v. Ross*, 468 U.S. 1, 16-17 (1984) (internal quotation marks omitted). But, mere "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" *Bousley*, 523 U.S. at 623 (citation omitted). To show "actual prejudice" as a result of his guilty plea, a defendant "must show that there is a reasonable probability that, but for [the complained of] errors, he would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Ambrose v. Booker*, 684 F.3d 638, 652 (6th Cir. 2012) (applying the "prejudice" standard articulated in *Strickland v.*

4

*Washington*, 466 U.S. 668 (1984), to a non-*Strickland* § 2255 motion because the standard "balances the competing demands of constitutionally protected equal protection interests and comity").

Even if Defendant cannot show cause and actual prejudice, his procedurally defaulted claim may be excused if he can show that the error "has probably resulted in the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623 (citation and internal quotation marks omitted). In that regard, "actual innocence" means "factual innocence, not mere legal insufficiency." *See id.* "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (citations and internal quotation marks omitted). Without a prerequisite showing of either cause and actual prejudice or actual innocence, the procedurally defaulted issue "may not be raised on collateral review." *See Massaro*, 523 U.S. at 504.

IV.    DISCUSSION

Defendant claims substantive due process violations premised on the Supreme Court's decision in *Rehaif*. Specifically, Defendant argues that this Court must vacate his § 922(g)(1) conviction for two reasons. First, he alleges that the *Rehaif* decision renders his indictment "defective" and "flawed" because the Government did not articulate his knowledge of felon status as an element of § 922(g)(1). (Docket No. 3127 at 5). Second, he assets that in light of *Rehaif*, his guilty plea was "breach[ed]" and "clearly the plea could not be voluntary." *See id*; *see also* Docket No. 3128 at 4). Defendant also repeatedly claims that after *Rehaif*, "§ 922(g)(1) no longer qualifies as a crime." (*See id.* at 6; *see generally* Docket No. 3128). The Government counters that Defendant's motion lacks merit and should be denied without an evidentiary hearing. (*See* Docket No. 3183). In this Court's estimation, Defendant has procedurally defaulted

the claims raised in his § 2255 motion concerning his indictment and guilty plea by not raising them on direct appeal. Defendant also cannot show either cause and actual prejudice or actual innocence to excuse his procedural default. Accordingly, his motion will be denied.

As an initial matter, Defendant mischaracterizes the holding in *Rehaif*. At the time of Defendant's superseding indictment and plea, the Government was required to prove the following elements for a conviction under § 922(g)(1): (1) the Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) the Defendant knowingly possessed a firearm; and (3) that the firearm had passed in interstate commerce. *See United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000). And "[w]hoever knowingly violate[d] . . . [§] 922 [was to] be fined . . . imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2). In *Rehaif*, the Supreme Court held that the knowledge requirement of § 924(a)(2) applied not only to the possession element of § 922(g), as it was previously interpreted, but also to the prohibited status element. 139 S. Ct. at 2194 ("We hold that the word 'knowingly' applies both to the defendant's conduct and to the defendant's status [under § 922(g)]."). The Supreme Court thereby added an additional knowledge-of-status element to § 922(g) violations. *See United States v. Nasir*, 982 F.3d 144, 161 (3d Cir. 2020) ("[I]t bears repeating that, until *Rehaif*, § 922(g) had not been understood as the Supreme Court interpreted it there[;] [n]o knowledge-of-status element had previously been perceived in the statute, and no proof of it was required.").

To that end, *Rehaif* did not hold that felon in possession under § 922(g)(1) "no longer qualifies as a crime," as Defendant repeatedly suggests. (*See* Docket No. 3127 at 6; Docket No. 3128 at 1, 3-4; Docket No. 3191 at 1). Felon in possession remains a crime after *Rehaif*, albeit with an additional element of proof. Following *Rehaif*, to convict a defendant under §

922(g), the Government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194.

Beyond his mischaracterization of *Rehaif* and assuming his § 2255 motion is timely,[2] the Court holds that Defendant has procedurally defaulted the claims he raises in his § 2255 motion because he did not first raise them in a direct appeal.[3] At the sentencing hearing, the "Court advise[d] defendant of [his] appeal rights," (Docket No. 2618), but he did not file a direct appeal. Since he declined to challenge any deficiencies in his indictment or the voluntariness of his plea through direct appeal, those issues have been procedurally defaulted. *See Massaro*, 538 U.S. at 504; *see also Bousley*, 523 U.S. at 621 ("And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). He cannot now use his § 2255 motion as a "a substitute for an appeal" to raise these issues. *See Nicholas*,

---

[2] Defendant filed the instant motion on May 4, 2020, within one year of the Supreme Court's decision in *Rehaif*, which was issued on June 21, 2019. (Docket No. 3127). Thus, assuming *Rehaif* articulated a new right and applied retroactively, his motion would be timely under 28 U.S.C. § 2255(f)(3). The Court acknowledges that there is a "growing dispute among district courts concerning whether *Rehaif* is in fact retroactive," but assumes timeliness here for the purposes of Defendant's motion. *See United States v. Roberts*, 2020 WL 6700918, at *2, n.3 (E.D. Pa. Nov. 13, 2020) ("The Third Circuit has yet to decide whether *Rehaif* recognizes a new non-constitutional right or rule made retroactive on collateral review."); *see also In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020) (holding that *Rehaif* "did not set forth a new rule of *constitutional* law" for the purposes of a second or successive habeas motion under § 2255(h)(2)).

[3] Although Defendant's plea agreement contained a waiver of certain appellate rights, "no appeal waiver serves as an absolute bar to all appellate claims." *See Garza v. Idaho*, 139 S. Ct. 738, 744 (2019). To that end, the Court advised Defendant of his appellate rights at his sentencing hearing. (*See* Docket No. 2618). Defendant had the right to assert the constitutional claims raised in his § 2255 motion on direct appeal, but he chose not to. Most importantly, Defendant did not challenge the voluntariness of his guilty plea on direct appeal, which now bars his claim that, in light of *Rehaif*, "clearly the plea could not be voluntary." (*See* Docket No. 3128 at 4); *see also Garza*, 139 S. Ct. at 745 ("Most fundamentally, courts agree that defendants retain the right to challenge whether the waiver itself is valid and enforceable—for example, on the grounds that it was unknowing or involuntary. Consequently, while signing an appeal waiver means giving up some, many, or even most appellate claims, some claims nevertheless remain.")

759 F.2d at 1074.

Having found that Defendant has procedurally defaulted his claims by failing to raise them on direct appeal, he may raise them here in his § 2255 motion only if he can first demonstrate cause and actual prejudice or actual innocence. *Bousley*, 523 U.S. at 622. After evaluating this case in light of the prevailing standards, it is this Court's opinion that Defendant has failed to show that either exception applies in this case. The Court's rationale follows.

First, Defendant cannot demonstrate "cause" to excuse his failure to raise his *Rehaif*-based claims concerning his indictment and plea because those issues are not considered to be "so novel that its legal basis [was] not reasonably available" at the time. *See Reed*, 468 U.S. at 16. "While lower court decisions prior to *Rehaif* had held that the government did not need to prove the *mens rea* requirement to convict a defendant under § 922(g), the issue had been litigated in federal courts across jurisdictions for many years prior to [Defendant's] conviction." *United States v. Battle*, 2020 WL 4925678, at *5 (W.D. Pa. Aug. 21, 2020) (Schwab, J.) (quoting *United States v. Scott*, 2020 WL 1030927, at *13 (E.D. La. Mar. 3, 2020)). The Third Circuit had previously considered and rejected the prevailing argument in *Rehaif*, and the issue has been "percolating in the courts for years," including during the time of Defendant's plea and sentencing. *See id.* (citations and internal quotation marks omitted). The fact that the issue had not yet prevailed is not an excuse for failing to raise it on direct appeal. *See Bousley*, 523 U.S. at 623 ("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'") (citation omitted)). Since the arguments that Defendant advances here were reasonably available to him at the time of his sentencing, he cannot show "cause" to excuse his failure to raise them on direct appeal.[4]

---

[4] Numerous other District Courts have found that procedurally defaulted *Rehaif*-based claims

Second, even assuming that Defendant could demonstrate "cause" for his failure to raise his *Rehaif* claims, he cannot show actual prejudice. Indeed, Defendant has not argued, much less shown a "reasonable probability," that but-for the Government's errors he would not have pled guilty or "the result of the proceedings would have been different." *See Lee v. United States*, 137 S. Ct. 1958, 1964 (2017); *Hill*, 474 U.S. at 59; *see also United States v. Rodriguez*, 2021 WL 601510, at *9 (E.D. Pa. Feb. 16, 2021) ("[Defendant] has not shown prejudice attributed to the procedural default[] [because he] has not argued, nor could he reasonably argue, that 'there is a reasonable probability that but for [the] errors, he would not have pleaded guilty and would have instead insisted on going to trial.'"). Rather, Defendant pled guilty pursuant to a plea agreement after being advised of how his "serious criminal history would translate into sentence[ing] guidelines," and received substantial benefits for doing so. (*See* Docket No. 1647 at 1; *see also* Docket No. 1752). And most importantly, Defendant never claims that he did not know of his prohibited status on the date he possessed the firearm, nor could he make such a claim.

To that end, the uncontested facts in the PIR establish that before possessing the Stag

---

lack cause to be considered on a § 2255 motion. *See, e.g., Cross v. United States*, 2020 WL 7062686, at *7 (N.D. Iowa Dec. 2, 2020) ("A majority of courts have rejected *Rehaif* challenges for this reason.") (collecting cases); *Battle*, 2020 WL 4925678, at *5 ("The *Rehaif* decision is not 'so novel that its legal basis [was] not reasonably available to counsel.'"); *United States v. Murphy*, 2020 WL 1891791, at *2 (M.D. Pa. Apr. 16, 2020) ("[Defendant] cannot show cause because the issue decided in *Rehaif* was not so novel that its legal basis was not reasonably available to [him] in the first instance."); *Scott*, 2020 WL 1030927, at *13 ("Although a procedural default may be excused if a constitutional claim is 'so novel that its legal basis is not reasonably available to counsel' when the defendant appeals his conviction, [Defendant's] *Rehaif* claim does not fall into that category."). But, like the debate over whether *Rehaif*'s statutory interpretation announced a new right, this Court recognizes there is a split over whether *Rehaif* overturned a longstanding and widespread practice to which the Supreme Court had not yet spoken, but which a near-unanimous body of lower court authority had expressly approved, which would constitute cause under *Reed*, 468 U.S. at 17. *See also Roberts*, 2020 WL 6700918, at *4 ("*Rehaif* would appear to have 'overturn[ed] a longstanding and widespread practice ... which a near-unanimous body of lower court authority ha[d] expressly approved,' suggesting that there was 'no reasonable basis' for [Defendant] to raise the knowledge-of-status issue before the trial court or on appeal.").

Arms semi-automatic rifle on November 24, 2014, Defendant had previously been convicted of numerous criminal offenses that were punishable by imprisonment for more than one year, some of which he was sentenced to serve more than a year incarceration. (Docket No. 2497 at 17-20 ¶¶ 45-48). Specifically, in 2008, Defendant was convicted of, among other charges, carrying a stolen Kel-Tec .380 pistol as a person not to possess a firearm. *See id.* at 17-18 ¶ 45. Defendant was originally sentenced to 9 to 18 months' incarceration followed by 2 years' probation. *See id.* But, in 2010, Defendant violated his probation on his original case and was again convicted for carrying a firearm without a license as well as other charges. *See id.* at 18-19 ¶¶ 46-47. For that violation, Defendant was re-sentenced to 18 to 36 months' incarceration on his original conviction to run consecutive to the 11 ½ to 23 months' incarceration for his new conviction. *See id.* at 17-19 ¶¶ 45-47. In sum, prior to possessing the firearm in this case, Defendant had served multiple terms of incarceration in excess of 1 year for his prior convictions. Additionally, Defendant stipulated to his prior felon status in advance of trial in this case and testified in state court that he knowingly possessed the Stag Arms semi-automatic rifle on November 24, 2014. (*See* Docket No. 2208 at 2 ¶ 6; *see also* Docket No. 2223 at 3). Therefore, Defendant was aware of his felon status on November 24, 2014, when he possessed the Stag Arms semi-automatic rifle, and cannot show actual prejudice.[5] *See Rodriguez*, 2021 WL 601510, at *9 (holding

---

[5] When, as here, a Court is tasked with "review[ing] of the voluntariness of a guilty plea, a procedural posture that is completely unlike the review of a conviction following trial[,]" the Supreme Court has said that "a reviewing court may look beyond the colloquy to the record created at a defendant's initial appearance and arraignment 'because defendants may be presumed to recall information provided to them prior to the plea proceeding.'" *Nasir*, 982 F.3d at 166 (citing *United States v. Vonn*, 535 U.S. 55, 75 (2002) (alterations omitted). "The focus [i]s, appropriately, on the information known to the defendant at the time of the plea[.]" *Id.* In this regard, the Court may look to the entire record before it to ascertain Defendant's knowledge at the time of his plea. That leads the Court to conclude that Defendant had knowledge of his felon status not only at the time that he entered his plea, but also on November 24, 2014, at the time that he possessed the firearm because he had served more than 1 year incarceration prior to

because Defendant "served almost four years in prison on [prior] convictions," "there [was] no reasonable probability that defendant would not have pled guilty"); *Roberts*, 2020 WL 6700918, at *4 (finding Defendant "fail[ed] to establish actual prejudice" "[g]iven [his] prior felony convictions, and given the fact that he had spent well over a year in prison prior to his June 2015 arrest"); *United States v. Saunders*, 2020 WL 5569785, at *4 (E.D. Pa. Sept. 17, 2020) ("There can be no doubt that [Defendant] knew of his conviction of a crime punishable by a term of imprisonment exceeding one year as he had served a term of imprisonment in excess of that amount of time.").

Defendant likewise cannot claim a "reasonable probability" that he would not have pled guilty nor that the result would have been different absent the Government's errors. To do so would "ignore[] the other substantial benefits he received under the plea agreement." *See United States v. Duncan*, 2019 WL 366667, at *3 (W.D. Pa. Jan. 30, 2019). In this regard, pursuant to the plea agreement, the Government agreed to dismiss Counts 1 and 19 and not to file an information under 21 U.S.C. § 851 or seek a sentencing enhancement for attempted murder under U.S.S.G. § 2K1.1(c). (Docket No. 2497 at 11-12 ¶¶ 7-14). Hence, Defendant avoided mandatory minimum penalties of 10 years and up to life imprisonment at Count 1, as well as a mandatory, consecutive penalty of 5 years and up to life imprisonment at Count 19. *See* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i); *see also* 18 U.S.C. § 924(c)(1)(A)(i). The Government's concessions on the sentencing enhancements also resulted in a significantly reduced advisory guidelines range of 92 to 115 months. (*See* Docket No. 2550 at 2). It is

---

that date. In reviewing the record, the Court also notes that the PIR references Defendant's high school degree. (Docket No. 2497 at 4). Additionally, the Court found that he knowingly and voluntarily changed his plea and accepted the terms of his plea agreement. (Docket No. 2246). Thus, he cannot show actual prejudice because he cannot establish a reasonable probability that the result of the proceedings would have been different.

therefore doubtful that Defendant would have rejected the plea agreement and proceeded to trial for the purpose of the Government proving that his knowledge of status as a felon where he would have faced mandatory minimum penalties of 180 months' incarceration and up to life imprisonment if convicted. *See Duncan*, 2019 WL 366667, at *3.   In any event, Defendant has failed to show that he has suffered actual prejudice because he received a concurrent sentence of 100 months' incarceration for his conviction at Count 47 for possession with intent to distribute heroin and has not sought to vacate his conviction or sentence for that offense. *Cf. United States v. Morales-Ortiz*, 2020 WL 7246913, at *2 (E.D. Pa. Dec. 9, 2020) (holding that "vacating [the defendant's] § 922(g)(1) conviction would have no impact on his current sentence" because he received concurrent sentences on other counts of conviction). All told, Defendant cannot show actual prejudice.

Finally, Defendant's procedural default cannot be excused under the actual innocence exception pursuant to which he has the burden to demonstrate "that no reasonable juror would have convicted him." *See Bousley*, 523 U.S. at 623. Here, Defendant cannot show actual innocence for the same reasons that he cannot establish actual prejudice. In this Court's estimation, any claim that Defendant did not know that he was a felon at the time of his possession of the firearm in this case is objectively meritless. To reiterate, Defendant was convicted of numerous crimes that were punishable by more than 1 year of imprisonment and served multiple terms of incarceration in excess of 1 year before November 24, 2014. As such, Defendant cannot show that no reasonable juror would have convicted him of violating § 922(g)(1). *See Rodriguez*, 2021 WL 601510, at *10; *Roberts*, 2020 WL 6700918, at *5; *Saunders*, 2020 WL 5569785, at *5 ("No reasonable juror would ever find that [Defendant] did not know that he had spent over two years in prison before he possessed a firearm."). With

Defendant failing to demonstrate either cause and actual prejudice or actual innocence, his claims cannot survive procedural default and his motion must be denied.

V.     CONCLUSION

Based on the foregoing, Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [3127] is denied, with prejudice.  The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability.  An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Dated: March 8, 2021

cc/ecf: All counsel of record

      Hakeem Duell
      BOP # 35724-068
      USP Pollock
      P.O. Box 2099
      Pollock, LA 71467
      (via U.S. mail)